| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | Case No. 16-CR- 16-CR-142 |
| v. | | |
| JAMES E. PODOLSKE JR., | | [18 U.S.C. § 1343 and 41 U.S.C. § 2102] |
| Defendant. | | Green Bay Division |

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES:**

1. Beginning in approximately August 2009, and continuing thereafter until at least June 2013, in the State and Eastern District of Wisconsin and elsewhere,

**JAMES E. PODOLSKE JR.**

devised and carried out a scheme to defraud individuals and businesses, and to obtain money from them by means of materially false and fraudulent pretenses (the "scheme"), which scheme is more fully described below.

2. At all times material to this indictment:

   a. James E. Podolske Jr. ("Podolske") was employed by the United States Air Force, first as a Program Manager, and then as Chief of Air Force Fire Services.

b. The International Association of Fire Chiefs ("IAFC") annually sponsored week long Fire Rescue International ("FRI") conferences from 2009 through 2012, in various cities nationally and internationally.

c. The U.S. Department of Defense and the U.S. Air Force encouraged Podolske's attendance and participation at FRI conferences as part of his professional responsibilities.

d. Podolske assumed responsibility for organizing an awards banquet and "charity" golf outing which occurred on the final day of the FRI conference.

e. Months before and after the FRI Conferences, Podolske actively solicited "donations" from vendors (prime and subcontractors) for the "charity" golf tournament, with donations ranging from $100-$5000. The solicited donations were purportedly intended for five primary charities including Toys-4-Tots, Parkland Foundation Burn Camp, Military Firefighters Heritage Foundation, The First Twenty, and the IAFC Scholarship Foundation.

f. Podolske maintained bank accounts at Tyndall Federal Credit Union ("Tyndall") that he used to deposit funds intended as charitable contributions in order to unlawfully convert them for his private use.

## The Scheme

3. Podolske's scheme was essentially to defraud approximately 25 business entities or individuals ("donors") located throughout the United States, including in the Eastern District of Wisconsin as follows:

a. Podolske convinced the donors to make charitable contributions towards supporting the awards banquet and golf outing the proceeds of which were intended to be forwarded to five primary charities.

b. Some of the donors made the checks payable only in the name of the specific intended charity, while many others made their donations payable directly to Podolske.

c. Checks made payable to specific charities were forwarded to that charity. All other funds were deposited in Podolske's personal Tyndall account.

d. Podolske converted the bulk of donor funds deposited into his Tyndall account for personal use.

e. Podolske used the donor's funds to, among other things: (1) pay off credit cards; (2) pay for personal trips; (3) gamble at casinos; (4) pay personal expenses and make cash payments to himself.

f. Podolske personally received over $164,970 from donors, of which he fraudulently kept $133,033.20 for his personal use.

5. On or about the date indicated below, in the State and Eastern District of Wisconsin and elsewhere,

**JAMES E. PODOLSKE JR.**

executed his scheme in the manner described:

| Count | Date | Execution of scheme |
|---|---|---|
| One | July 18, 2012 | Wire transfer via computer of $2,960 from the Wisconsin Anchor Bank account of John Doe to the Tyndall Federal Credit Union account of Podolske, located in the State of Florida, for purpose of making a charitable contribution, cashed and used for personal expenses. |

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

On February 2, 2013, in the State and Eastern District of Wisconsin and elsewhere, the defendant,

## JAMES E. PODOLSKE JR.,

an official of the United States, with access to contractor bid or proposal information, knowingly disclosed contract bid or proposal information prior to the award of Defense Logistics Agency (DLA) Contract #: SPEBEC-13-D-0002 to give Company A a competitive advantage in the award of that contract.

All in violation of Title 41, United States Code, Sections 2102(a) and 2105.

## Forfeiture Notice

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One of this Indictment, the defendant, James E. Podolske Jr., shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to:

    a. A sum of money equal to the proceeds derived from the offense.

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

Dated: 9-7-16

/s/ Matthew [signature]

GREGORY J. HAANSTAD
United States Attorney